UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Eastern District of Kentucky
FILED
NOV 14 2008
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 08-12-HRW

TERRY WHEELER,                                                             PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on October 20, 2003, alleging disability beginning on November 9, 1998, due to chronic back pain, weakness with limited mobility, depression and a history of learning problems (Tr. 91-94).

This application was denied initially and on reconsideration.

On October 26, 2005, an administrative hearing was conducted by Administrative Law Judge Gloria B. York (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 375-397). At the hearing, Kenneth J. Manges, Ph.D., a vocational expert (hereinafter "VE"), also testified (Tr. 398-408).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 24, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 16-26).

Plaintiff was 32 years old at the time of the hearing decision (Tr. 358). He has a tenth grade education and past work experience as a factor worker, stocker and packager/assembler (Tr. 376, 398 ).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffered from chronic low back pain status post surgery for a herniated nucleus pulposus at L5-S1, a major depressive disorder, post-traumatic stress disorder and a history of alcohol and drug abuse in reported remission, which he found to be "severe" within the meaning of the Regulations (Tr. 19-20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20). In doing so, the ALJ specifically considered listings 1.04, 12.04, 12.06 and 12.09 (Tr. 20).

3

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 24) but determined that he has the residual functional capacity ("RFC") to perform a reduced range of sedentary work, with certain restrictions as set forth in the hearing decision (Tr. 20).

The ALJ concluded that such jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25-26, ).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 29, 2007 (Tr. 6-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ erred in his consideration of the opinion of Jean A. Deters, Psy.D. Dr. Deters examined Plaintiff on a single occasion in February 2004 (Tr. 184-194). In her report based upon her evaluation, Dr. Deters opined that Plaintiff would have difficulty adapting to the pressures of a day-to-day work setting as well as difficulty understanding and remembering instructions, both simple and complex, sustaining concentration, completing tasks and interacting with coworkers and supervisors (Tr. 193).

The ALJ gave little weight to Dr. Deters opinion of significantly limited

5

psychological function because it was not supported by her own findings and inconsistent with the other evaluations of record (Tr. 24).

As a one-time examiner, Dr. Deters opinion is not entitled to controlling weight. 20 C.F.R. § 416.927(d)(2). Thus, the ALJ was not bound by Dr. Deter's evaluation. In considering the opinion of a non-treating source, an ALJ must consider the physician-patient relationship, the physician's specialization, if any, the supportability of the opinion and the consistency of the opinion with the other evidence in the record. 20 C.F.R. § 416.928(d).

It is clear from the decision that the ALJ considered these factors. Further, having reviewed the decision and the record, the Court finds that the ALJ's lack of deference to Dr. Deter's opinion is supported by substantial evidence. For example, although Dr. Deter assessed a GAF score of 25, there is nothing in her report to support it. Such a score indicates serious impairment in communication or judgment. To the contrary, Dr. Deters remarked that Plaintiff "demonstrated a good understanding of social conventions and norms" (Tr. 190-191).

Dr. Deters also opined that Plaintff would have difficulty understanding and following instructions and concentrating in a work setting; however, in her report she specified that Plaintiff's memory was satisfactory, that he had the ability to sustain concentration.

Further, it appears that Dr. Deter's opinion was based primarily upon Plaintiff's subjective statements regarding his condition.

Given the inconsistencies within her own evaluation and the lack of supporting evidence in the record, the Court finds no error in the ALJ's consideration of the opinion of Dr. Deter.

Plaintiff seems to suggest that the ALJ found that his substance abuse problems were contribution factors material to the determination of disability. Yet, the ALJ made no such finding. The only mention of Plaintiff's history in this regard in is the ALJ's credibility determination, which Plaintiff does not challenge. Moreover, before an ALJ considers whether substance abuse is contributing factor to a claimant's disability, the claimant must be adjudged disabled. 20 C.F.R. § 416.935(b). However, in this case, Plaintff was found *not* to be disabled. This the "contributing factor" inquiry was not reached.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

7

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This November 14, 2008.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**